UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL LAMONT WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV00606 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Darrell Lamont Walker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1].

**I.   BACKGROUND**

On October 23, 2013, Petitioner Darrell Lamont Walker ("Petitioner") was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] On February 19, 2014, Petitioner pled guilty to the charge. On May 22, 2014, Petitioner was sentenced to 46 months imprisonment and a three-year term of supervised release.

The 2013 United States Sentencing Guidelines were applied in Petitioner's case. Under §2K2.1(a)(4)(A), Petitioner's base offense level was found to be 20 because Petitioner had one prior felony conviction of a crime of violence, Stealing from a Person. Three levels were deducted for acceptance of responsibility, making Petitioner's total offense level 17. His criminal history category was V and his guideline range of imprisonment was 46 to 57 months.

---

[1] Petitioner's criminal case is *United States v. Darrell Walker*, 4:13CR00448 CEJ.

1

In his Motion to Vacate, Petitioner challenges his sentence as improper and argues his counsel was ineffective.

## II. STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). However, ineffective assistance of counsel claims may be raised

2

for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," or "when the facts alleged, if true, would entitle [the petitioner] to relief." 28 U.S.C. § 2255(b); see also *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994); *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## III. DISCUSSION

In his Motion to Vacate, Petitioner asserts two claims. First, Petitioner challenges his sentence as improper because his guidelines base offense level was increased due to his prior conviction, Stealing from a Person, which he alleges is not a crime of violence. Second, Petitioner asserts his counsel was ineffective for failing to object to his prior conviction qualifying as a crime of violence.

### A. *Improper Sentence*

Petitioner asserts his sentence is improper because the Court increased his base offense level due to his prior conviction for Stealing from a Person, which the Court considered to be a crime of violence under U.S.S.G. §2K2.1. Petitioner argues Stealing from a Person is not a crime of violence; thus, the Court erred in calculating his guideline range.

United States Sentencing Guideline § 2K2.1(a)(4)(A) states a base offense level of 20 shall be applied if "the defendant committed any part of the instant offense subsequent to

sustaining one violent felony conviction of either a crime of violence or a controlled substance offense." The commentary for the section states "crime of violence" has the meaning given the term in § 4B1.2 and Application Note 1 of the Commentary to § 4B1.2. This section defines "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that − (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

In 2005, Petitioner was convicted of Stealing from a Person in St. Louis, Missouri. In 2005, the Missouri statute for Stealing from a Person stated

> 1. A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion. . .
>
> 3. Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:
>
> (1) The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars; or
>
> (2) The actor physically takes the property appropriated from the person of the victim; or
>
> (3) The property appropriated consists of: (a) Any motor vehicle, watercraft, or aircraft; or (b) Any will or unrecorded deed affecting real property; or (c) Any credit card or letter of credit; or . . .

Mo. Rev. Stat. § 570.030 (2005). When a statute is divisible, has multiple crimes with different elements, the Court may apply the modified categorical approach, which allows the Court to look at a limited class of documents to determine what crime, with what elements, of which a defendant was convicted. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Petitioner's sentence and judgment states he received a felony conviction of Stealing from a Person. The

information states Petitioner "appropriated keys, car and credit card by physically taking it from the person of . . ." Therefore, § 570.030.3(2) applies to Petitioner's conviction.

In *United States v. Hennecke*, the Eighth Circuit held stealing in violation of Missouri Revised Statute 570.030.3(2) qualified as a crime of violence pursuant to the residual clause of § 4B1.2(2), which states "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 590 F.3d 619, 623-24 (8th Cir. 2010). The residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e), which defines a "violent felony" with the exact same language as "crime of violence" in U.S.S.G. § 4B1.2(2), was ruled unconstitutional by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, subsequent to that decision, the Supreme Court decided the Sentencing Guidelines were not subject to the same constitutional challenge as the ACCA; thus, the residual clause in § 4B1.2(2) is still valid. *Beckles v. United States*, 137 S. Ct. 886 (2017). Therefore, the Eighth Circuit's decision in *Hennecke*, finding Stealing from a Person under Missouri Revised Statute § 570.030.3(2) qualifies as a crime of violence under the residual clause of § 4B1.2(2), has not been overturned and remains good precedent. Petitioner's prior conviction was properly determined to be a crime of violence. For these reasons, Petitioner's sentence was not improper and his guidelines were calculated correctly. The Court will deny Petitioner's motion on this claim.

### B. *Ineffective Assistance of Counsel*

Petitioner's claim for ineffective assistance of counsel is contingent on his first claim his sentence was improper. He argues his counsel was ineffective for failing to object, at sentencing, to the use of his prior conviction for Stealing from a Person as a crime of violence. Because, the Court determined his prior conviction does qualify as a crime of violence, his counsel was not

ineffective for not raising an objection that would have been denied. Petitioner fails to show deficiency or prejudice for his claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (A petitioner must show counsel's performance was deficient and the deficient performance prejudiced petitioner's case to establish ineffective assistance of counsel); *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (Counsel is not ineffective for failing to pursue a meritless claim). Therefore, the Court will dismiss Petitioner's motion on this claim. The records in this case conclusively show Petitioner is not entitled to relief on any of his claims. Thus, an evidentiary hearing is not required.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** Petitioner Darrell Lamont Walker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1] is **DENIED.** Petitioner's Motion is **DISMISSED**, **with prejudice**.

So Ordered this 21st day of February, 2017.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**